# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| DONALD L. PARSON, JR., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| | ) No. 09-2461-KHV |
| UPS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER STAYING CASE

Donald L. Parson, Jr. brings suit against UPS for violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101, *et seq*, and 42 U.S.C. § 1981. This matter comes before the Court on <u>Defendant United Parcel Service, Inc.'s Motion To Stay And Compel Arbitration</u> (Doc. # 11) filed October 14, 2009. Plaintiff does not oppose the motion. <u>See</u> <u>Order</u> (Doc. #14) entered October 19, 2009. For the reasons set forth below, the Court finds that defendant's motion should be sustained.

### Factual Background

Plaintiff worked for UPS from 1983 until September of 2007, when UPS terminated his employment. On October 4, 2007, plaintiff filed an administrative EEOC charge against UPS alleging unlawful discharge in violation of the ADA, and received a right-to-sue letter on September 8, 2008. UPS reinstated plaintiff while the EEOC claim was pending but re-terminated his employment on September 17, 2008. On March 23, 2009 plaintiff submitted to UPS a request to arbitrate his claims through its internal employee dispute resolution program. On April 21, 2009 the parties entered into an agreement to arbitrate plaintiff's claims. Claims arbitrable under the

agreement include

> Claims based upon allegations of unlawful discrimination (these claims include all bases of discrimination, harassment and retaliation under federal law and under the law of the state and local statutes and ordinances in which you work, including, for example, age, color, disability, national origin, race, religion, and sex. Some of the statutes which provide for such claims are Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans With Disabilities Act, and the Family & Medical Leave Act, Kansas Act Against Discrimination, Kansas Age Discrimination in Employment Act, and any applicable City Human Rights Ordinances and County Human Rights Ordinances) . . .

UPS Arbitration Agreement (Doc. #12-2) p. 1, Ex. B to UPS's Memorandum In Support Of Motion To Stay And Compel Arbitration (Doc #12), filed October 14, 2009. On June 3, 2009, plaintiff filed another EEOC charge alleging that UPS retaliated and unlawfully discharged him in violation of the ADA. On September 2, 2009 plaintiff filed this suit alleging that UPS terminated his employment in retaliation for filing the EEOC charge and discriminated against him by treating him differently than non-minority employees by, among other things, firing him.

## Analysis

UPS asks the Court to compel arbitration of plaintiff's claims under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*, because the complaint alleges violations of the ADA which fall within the scope of the arbitration agreement. Plaintiff does not oppose the UPS motion and does not dispute the existence, validity or enforceability of the agreement or deny that the claims which are the subject of this suit fall within the scope of the agreement.

The FAA ensures that written arbitration agreements are valid, irrevocable and enforceable. 9 U.S.C. § 2. Federal policy favors arbitration agreements and requires that the Court rigorously enforce them. Hill v. Ricoh Americas Corp., 634 F. Supp. 2d 1247, 1252 (D. Kan. 2009) (citing Shearson/Am. Exp., Inc. v. McMahon, 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987)).

On a motion to compel arbitration under the FAA, the Court applies a strong presumption in favor of arbitration (unless the parties dispute whether a valid and enforceable agreement exists) and resolves any doubts concerning the scope of arbitrable issues in favor of arbitration. Id. (citing ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1462 (10th Cir.1995), Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), Riley Mfg. Co., Inc. v. Anchor Glass Container Corp., 157 F.3d 775, 779 (10th Cir.1998)).

The Court should not deny a request to arbitrate a dispute unless the arbitration clause does not cover the dispute at issue. Gratzer v. Yellow Corp., 316 F. Supp.2d 1099, 1107 (D. Kan. 2004). Because the question of arbitrability is an issue for judicial determination, the Court must determine whether the parties have agreed in writing to arbitrate before granting a stay or dismissing a case pending arbitration. Ricoh, 634 F. Supp.2d at 1252. Whether an arbitration agreement exists is simply a matter of contract between the parties, which is determined by state law contract formation principles. Id. at 1253. If the Court determines that the parties have a written arbitration agreement covering the dispute, the court must grant a stay. Id. (citing 9 U.S.C. §§ 3, 4; Avedon Eng'g, Inc. v. Seatex, 126 F.3d 1279, 1283 (10th Cir.1997)). Under Kansas law, whether the parties have created a binding contract depends on their intent and is a question of fact. Reimer v. Waldinger Corp., 265 Kan. 212, 214, 959 P.2d 914, 916 (1998).

The parties do not dispute the existence of an enforceable arbitration agreement, and agree that the claims at issue in this suit are arbitrable. On this record, sufficient evidence of an enforceable agreement exists. Specifically, the arbitration agreement provides that the parties agree to arbitrate any dispute which allege unlawful retaliation or discrimination, including claims brought under the ADA. The Court therefore finds that the parties have a written arbitration agreement

which covers the claims in this suit.

**IT IS THEREFORE ORDERED** that Defendant United Parcel Service, Inc.'s Motion To Stay And Compel Arbitration (Doc. # 11) filed October 14, 2009 be and hereby is SUSTAINED in that the Court finds that this case is subject to arbitration. **The case is therefore STAYED pending arbitration.**

**IT IS FURTHER ORDERED** that the parties file status reports with the Court every 90 days during the stay.

Dated this 29th day of October, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge